UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
In re:                                                         :
                                                               :  **ORDER WITHDRAWING**
SALTIRE INDUSTRIAL, INC.,                                      :  **BANKRUPTCY**
                                                               :  **REFERENCE OVER**
    Debtor.                                 :  **HARRY HOLT CLAIMS**
                                                               :  **AND TRANSFERRING**
                                                               :  **VENUE TO THE MIDDLE**
                                                               :  **DISTRICT OF**
                                                               :  **TENNESSEE**
                                                               :
                                                               :  07 Civ. 3622 (AKH)
-------------------------------------------------------------- x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
In re:                                                         :
                                                               :  **ORDER GRANTING**
SALTIRE INDUSTRIAL, INC.,                                      :  **MOTION FOR**
                                                               :  **RECONSIDERATION AND**
Debtor.                                                        :  **TRANSFERRING**
                                                               :  **PENDING LITIGATION**
                                                               :  **TO THE MIDDLE**
                                                               :  **DISTRICT OF**
                                                               :  **TENNESSEE**
                                                               :
                                                               :  06 Civ. 4451(AKH)
-------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

       I am asked to decide two issues relating to tort claims originally arising in Dickson County, Tennessee. I must decide whether or not to withdraw the reference to the United States Bankruptcy Court for the Southern District of New York over claims filed by personal injury tort plaintiffs in the bankruptcy proceedings relating to Saltire Industrial, Inc. I must also decide whether to transfer a lawsuit, brought by the same personal injury plaintiffs and relating to the same underlying conduct, from state court in Dickson County, Tennessee to the United States Court for the Middle District of Tennessee. For the reasons stated at oral argument

1

held May 1, 2007, and the for reasons stated in this order, I order the reference withdrawn, and the bankruptcy claims transferred, to the United States District Court for the Middle District of Tennessee, for all pre-trial proceedings and trial. The tort action currently pending in state court in Dickson County, Tennessee shall also be transferred to the United States District Court for the Middle District of Tennessee.

## Background

Saltire Industrial, Inc. ("Saltire"), a wholly-owned subsidiary of Alper Holdings, Inc., operated an automotive manufacturing facility in Dickson County, Tennessee. On December 3, 2003, a number of plaintiffs filed suit against Saltire, Alper Holdings, and the City and County of Dickson, Tennessee, in the Circuit Court of Dickson County, Tennessee. The plaintiffs alleged that they suffered birth defects and physical injury caused by Saltire's release of the industrial pollutant trichloroethylene into the groundwater of Dickson County. Harry Holt v. Scovill, Inc., n/k/a Saltire Industrial, Inc., Circuit Court of Dickson County, Tennessee, CV 1882 ("Harry Holt Action").

On August 17, 2004, Saltire filed a voluntary petition for bankruptcy relief in the United States Bankruptcy Court for the Southern District of New York. 11 U.S.C. §§ 101 et seq. By Order of March 8, 2006, United States Bankruptcy Judge Burton R. Lifland confirmed the Liquidating Trust's Modified First Amended Plan of Liquidation, lifted the automatic stay of lawsuits against Saltire, and created a Creditors' Liquidating Trust, effective April 25, 2006. The Harry Holt plaintiffs filed proofs of claim in Saltire's bankruptcy, and the Liquidating Trust filed objections to those claims.

In In re Saltire Industrial Inc., No. 06 Civ. 4451 (AKH), the Creditors' Liquidating Trust moved to transfer the Harry Holt Action from the Tennessee state court to this

2

Court pursuant to 28 U.S.C. 157(b)(5). The motion was defaulted, and I granted the motion and transferred the suit to the bankruptcy court. The conduct of the parties, first neglecting to advise the court of all the relevant considerations, and then moving to correct the record via motion for reconsideration, began at that point. On motion for reconsideration made by the Harry Holt Plaintiffs, and only partially objected to by other parties, I granted, in my Order of February 22, 2007, reconsideration of my previous order, and I held that the Harry Holt Action should remain in the Tennessee State court.

Other parties then moved for reconsideration, making further representations about the full state of affairs. I ordered oral argument, and heard the parties on May 1, 2007. It became clear that it was inappropriate, in relation to the federal interest in bankruptcies, for the action to be tried in state court. It was equally clear that the action should be tried in a forum more convenient for the parties in Tennessee than this Court. Consequently, I ruled that the appropriate forum for trial of the Harry Holt claims was the United States District Court for the Middle District of Tennessee. See 28 U.S.C. § 157(b)(5). Since, also, the tort claims required trial by jury, I ruled that the bankruptcy reference, with respect to those claims, should be withdrawn from the Bankruptcy Court, in order that they could be tried to a jury in the United States District Court for the Middle District of Tennessee. See 28 U.S.C. § 157(d).

On May 7, 2007, the Harry Holt Plaintiffs moved in the Bankruptcy Court to withdraw the reference from the District Court, and filed a copy of the motion with this court. I grant the motion to withdraw the reference, and I order the case to be tried in the district in which the claim arose, the United States District Court for the Middle District of Tennessee. See 28 U.S.C. § 157(b)(5), (d) (trial of personal injury tort claims in district where claim arose, district

court may withdraw reference for cause shown); Id. § 1412 (transfer of proceeding under title 11); In re Manville Forest Prods. Corp., 896 F.2d 1384, 1391 (2d Cir. 1990).

## Discussion

The Harry Holt claims are triable by jury.  They cannot be liquidated in the bankruptcy court, for the district court has not "specially designated" the bankruptcy court to exercise such jurisdiction and, just as important, there is not "express consent of all the parties. 28 U.S.C. § 157(b)(2)(B), (e) (liquidation of personal injury tort claims not "core" proceeding, and jury trial requires consent of all parties); U.S. Lines, Inc. v. U.S. Lines Reorganization Trust, 262 B.R. 223, 233 (S.D.N.Y. 2003).

The Liquidating Trust argues that the Bankruptcy Court for the Southern District of New York should retain the reference over the claims objection, and should administer pretrial proceedings over the Harry Holt bankruptcy claims in parallel with the proceedings in the Harry Holt Action.  Such a course of action would be wasteful and confusing. See Mishkin v. Ageloff, 220 B.R. 784, 800 (S.D.N.Y. 1998).  Leaving the bankruptcy claims of the Harry Holt Plaintiffs in the bankruptcy court, while the Harry Holt Action continued in the United States Court for the Middle District of Tennessee, "likely would result in duplicative presentations on substantially overlapping factual matters. Such a process would cause unnecessary delay and deplete both judicial resources and the assets of the bankruptcy estate," along with those of the Harry Holt Plaintiffs. In re Green, 200 B.R. 296, 299 (S.D.N.Y. 1996).

The issue now becomes whether the Southern District of New York, or the Middle District of Tennessee, is the more proper forum for consolidation.  This Court is inconvenient to the real parties in interest and the witnesses, and particularly to the City and County of Dickson, Tennessee, co-defendants with Saltire.  The Middle District of Tennessee is

convenient to all except the Liquidating Trustee. The circumstances clearly favor the Middle District of Tennessee, the district comprehending Dickson County, where the claim arose, where the land at issue sits, and where much of the evidence remains. See 28 U.S.C. § 157 (b)(5) (trial of personal injury tort claims in district where claim arose), 1412 (transfer of proceeding under title 11); See In re Manville Forest Prods. Corp., 896 F.2d 1384, 1391 (2d Cir. 1990). I order that the proceedings, and trial, be transferred to the United States District Court for the Middle District of Tennessee.

## Conclusion

Accordingly, for the reasons stated, the reference with respect to the Harry Holt claims, and the objections thereto, currently pending in the United States Bankruptcy Court for the Southern District of New York, is withdrawn, and the proceedings are transferred to the United States District Court for the Middle District of Tennessee. Further, the litigation captioned Harry Holt, et al. v. Scovill, Inc., n/k/a Saltire Industrial, Inc., et al., currently pending as case number CV-1882 on the docket of the Circuit Court of Dickson County, Tennessee, (The Harry Holt Action), is transferred in its entirety to the United States District Court for the Middle District of Tennessee, 28 U.S.C. § 157(b)(5), 1334(b), and the Clerk of the Court of Dickson County, Tennessee is directed to effect such transfer.

SO ORDERED.

Dated:  June **22**, 2007
New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge